UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DONOVAN SIERS, | ) | Civ. 14-4034-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER DISMISSING |
| DENNIS DAUGAARD, Governor of | ) | COMPLAINT |
| South Dakota, in his individual and | ) | |
| official capacities, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff, Donovan Siers, is an inmate at the Mike Durfee State Prison (MDSP) in Springfield, South Dakota. Siers filed a pro se civil rights lawsuit pursuant to 42 U.S.C. § 1983 and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Dockets 1, 4. On March 6, 2014, the court granted Siers leave to proceed in forma pauperis and ordered him to pay an initial partial filing fee by April 7, 2014. Docket 6. Siers has since paid the filing fee. Additionally, Siers has filed two separate motions to amend or correct his complaint. Dockets 11, 13.

The court must now screen Siers's complaint to determine whether any claims should be dismissed. Pursuant to the PLRA, the court must dismiss an action or any portion thereof if the prisoner has raised a claim that "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

**STANDARD OF REVIEW**

A claim "is frivolous where it lacks an arguable basis in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous when it is "based on an indisputably meritless legal theory" or where the factual contentions "are clearly baseless." *Id.* at 327. The court may dismiss a complaint for failure to state a claim when the plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing a complaint for failure to state a claim, "[t]he court must presume that the factual allegations in the complaint are true and accord all reasonable inferences from those facts to the [pleader]." *Valiant-Bey v. Morris*, 829 F.2d 1441, 1443 (8th Cir. 1987) (citing *Holloway v. Lockhart*, 792 F.2d 760, 762 (8th Cir. 1986)).

Pro se complaints, " 'however inartfully pleaded,' [are] held to 'less stringent standards than formal pleadings drafted by lawyers.' " *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)); *see also Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995) (noting that "civil rights pleadings should be construed liberally"). Nonetheless, a pro se complaint must comply with the minimal requirements set forth in the Federal Rules of Civil Procedure, which specifically require pleadings to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a pro se complaint need not contain

detailed factual allegations, it must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Simply stated, a pro se complaint must "allege facts sufficient to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). The court is not required to "supply additional facts, nor will [it] construct a legal theory that assumes facts that have not been pleaded." *Id.* (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)). If the complaint does not contain these bare essentials, dismissal is appropriate. *Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985).

## DISCUSSION

"[T]o state a claim for relief under § 1983, a plaintiff must allege sufficient facts to show '(1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right.' " *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010) (quoting *Schmidt v. City of Bella Villa*, 557 F.3d 564, 571 (8th Cir. 2009)). Here, Siers claims that defendant Daugaard violated his rights under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments by refusing to address the unconstitutional, ex post facto state laws that put Siers and nearly four hundred other individuals in prison. Docket 1 at 4. To remedy these alleged constitutional violations, Siers requests that the court release him from prison,

3

have defendant Daugaard impeached, and require defendant to pay for this action. *Id.* at 5.

The primary issue raised by Siers's complaint relates to the legality or constitutionality of his original conviction and subsequent confinement. As the United States Supreme Court has noted, "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 488–90 (1973)). Therefore, because Siers is challenging the fact of his confinement and seeks to be released from prison, he has failed to state a claim upon which relief may be granted pursuant to § 1983. His sole remedy is a writ of habeas corpus.

This will be the third time this court has dismissed one of Siers's complaints pursuant to the screening procedures of 28 U.S.C. § 1915. The Prison Litigation Reform Act (PLRA) reads as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, *on 3 or more prior occasions*, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, *unless the prisoner is under imminent danger of serious physical injury.*

28 U.S.C. § 1915(g) (emphasis added). Siers has previously proceeded in forma pauperis in two other cases that this court dismissed for failure to state a claim

4

upon which relief may be granted. *See* Civ. 14-4018; Civ. 14-4028. Thus, Siers is henceforth ineligible to litigate in forma pauperis unless he demonstrates that he is in "imminent danger of seriously physical injury." 28 U.S.C. § 1915(g). Accordingly, it is

ORDERED that Siers's complaint (Docket 1) is dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915. Siers is notified that he may not file any additional civil cases in forma pauperis unless he is "under imminent danger of serious physical injury" as set forth at 28 U.S.C. § 1915(g). Siers may still file civil cases if the complaint is accompanied by the $400 filing fee applicable to civil actions.

IT IS FURTHER ORDERED that Siers's motions to amend or correct complaint (Dockets 11, 13) are denied as moot.

Dated June 10, 2014.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE